# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Bankruptcy Case No. 09-00414 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON | ) | |
| Debtor/Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 10-10003 |
| | ) | |
| YELVERTON FARMS, LTD., | ) | |
| PHYLLIS EDMUNDSON, CHARLES | ) | |
| EDMUNDSON, and DEBORAH MARM, | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO MOTION TO AMEND ORDER**

Now come Phyllis Edmundson, Charles Edmundson, Deborah Marm and Yelverton Farms, Ltd. (collectively "Defendants"), by counsel, for their opposition to the Motion to Reconsider (the "Reconsideration Motion") filed by Stephen Thomas Yelverton (the "Plaintiff") and respectfully represent the following:

**I.    INTRODUCTION.**

In the Reconsideration Motion, the Plaintiff asks the Court to amend the Order Granting Defendants' Motion to Stay or Abstain (the "Stay Order") entered on July 20, 2010 and to grant him the ultimate relief that he seeks in this adversary proceeding, specifically turnover of 1,333 shares of stock in Yelverton Farms, Ltd. that he claims to own, without the procedures of either a summary judgment motion or a trial, and notwithstanding the fact that more than one year ago the Plaintiff filed a lawsuit (the "District Court Lawsuit") against these same defendants in the

United States District Court for the Eastern District of North Carolina (the "District Court") in which the relief he seeks includes the entry of an order requiring the Defendants to redeem the Plaintiffs' stock at fair value and to buy-out the Plaintiff's shares at fair value. The Court properly entered the Stay Order and stayed further proceedings in this adversary proceeding because the Plaintiff's claims substantially overlap with the claims he has asserted in the District Court Lawsuit, and because staying the Adversary Proceeding is appropriate to avoid wasting judicial resources and to avoid the risk of inconsistent verdicts. The Court should reject both the Plaintiff's effort to reargue the same issues that were argued at the hearing conducted on July 2, 2010, as well as his effort through this motion to circumvent the Defendants' right to a trial.

## II.    THE MOTION FOR RECONSIDERATION.

The Reconsideration Motion contains a number of misleading statements and includes an assortment of new allegations. For example, in paragraph 1 of the Reconsideration Motion, the Plaintiff asserts that the Stay Order grants relief that the Defendants did not actually request. In fact, the Stay Order stays further proceedings in the Adversary Proceeding which is precisely one of the remedies that the Defendants requested in the Motion to Stay or Abstain. In paragraph 2 of the Reconsideration Motion the Plaintiff alleges that the Defendants requested that they not be required to turnover the stock until there was a ruling by the District Court on the pending motion for summary judgment. In fact, the Defendants asked this Court to stay this Adversary Proceeding pending the adjudication of all of the issues pending in the District Court. It is likely that the District Court's resolution of the District Court Lawsuit will resolve the key issue pending in this Adversary Proceeding regarding the ownership of the stock. The Defendants have made clear in both cases that, because the Plaintiff has executed an assignment of his stock, the Plaintiff has no legal right to possession of the stock. Finally, the Plaintiff's new allegations

2

in paragraph 6 regarding the history of Yelverton Farms are in large part inaccurate and, in any event, are irrelevant to the Reconsideration Motion.

A key issue in both this case as well as the District Court Lawsuit involves the issue of who owns the stock. As the Defendants stated in the Stay Motion:

> Abstention is appropriate in this case because the Plaintiff initially commenced the District Court Lawsuit, post-petition, for the purpose of resolving issues related to the ownership of stock in Yelverton Farms, Ltd., the Plaintiff sued the same parties in the District Court Lawsuit that he sued in this case, and the District Court Lawsuit has been active and keenly contested.

Stay Motion at paragraph 5. The issue of ownership is also one of the summary judgment issues that is now pending before the District Court. In their Memorandum in Support of Defendants' Motion to Dismiss that they filed in the District Court Lawsuit, the Defendants stated:

> As Plaintiff has alleged in his own Amended Complaint (Docket #76), as described in several filings with this Court by the former intervenor Atkinson (Docket #36), and as set forth by Exhibit 1 to Defendants Answer to the Amended Complaint, the Plaintiff assigned his interest in Yelverton Farms shares to Atkinson in May 2008. As such, Plaintiff transferred any rights that he may have in those shares to Atkinson and Atkinson, not Plaintiff, maintains any rights of the transferor in those shares. It has long been the law in North Carolina that the "assignee stands absolutely in the place of his assignor, and it is … as if the contract had been originally made with the assignee, upon precisely the same terms as the original parties". *See Credigy Receivables, Inc. v. Whittington, 2010 WL 702820 (N.C. App.)*

See Memorandum in Support of Defendants' Motion to Dismiss at page 12. A copy of the Memorandum is attached hereto as Exhibit 1.

The stock ownership issue is now pending before the District Court, and it is appropriate for that process to proceed to its conclusion.

### III.    ARGUMENT.

#### A.    The Plaintiff Fails to Meet the Standard for Reconsideration.

As the basis for the Motion for Reconsideration, Plaintiff relies on Fed. R. Civ. Pro. 59(e) as incorporated in this proceeding by Fed. R. Bankr. Pro. 9023. To establish a basis for

3

reconsideration under Rule 59(e), a party must establish one of the following three grounds: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent injustice. The Plaintiff fails to establish any of these grounds. The Plaintiff does not allege there has been a change in controlling law or that previously unavailable evidence has come to light. Similarly, the Plaintiff has identified no clear error of law or any injustice that will occur by staying this case while the District Court litigation proceeds to trial.

      **B.**    **The Adversary Proceeding Should Remain Stayed.**

The Court should not modify the Stay Order. Clearly, this Adversary Proceeding and the District Court Lawsuit substantially overlap and this Court made the correct decision to stay this Adversary Proceeding, rather than waste judicial resources and risk inconsistent rulings through the separate litigation of the two lawsuits that the Plaintiff filed against identical defendants in two separate jurisdictions.

**IV.**    **CONCLUSION.**

For the foregoing reasons, Phyllis Edmundson, Charles Edmundson, Deborah Marm and Yelverton Farms, Ltd. respectfully request that this Court deny the Reconsideration Motion.

Dated:  August 9, 2010             /s/ Jeffrey L. Tarkenton
                                               Jeffrey L. Tarkenton (D.C. Bar No. 376493)
                                               Todd D. Ross (D.C. Bar No. 975943)
                                               WOMBLE CARLYLE SANDRIDGE &
                                                      RICE, PLLC
                                               1401 Eye Street, N.W.
                                               Seventh Floor
                                               Washington, DC  20005
                                               (202) 857-4450
                                               (202) 261-0050 FAX
                                               jtarkenton@wcsr.com
                                               toross@wcsr.com

                                               *Counsel for Phyllis Edmundson, Charles*
                                               *Edmundson, Deborah Marm and Yelverton*
                                               *Farms, Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served OPPOSITION TO MOTION FOR RECONSIDERATION in the above-entitled action by First Class Mail upon the attorney for said Plaintiff as follows:

> Steven Thomas Yelverton, *pro se*
> 601 Pennsylvania Avenue, NW
> Suite 900 South
> Washington, DC 20004
> styelverton@yelvertonlaw.com

Dated: August 9, 2010           /s/ Jeffrey L. Tarkenton
                                                   Jeffrey L. Tarkenton (D.C. Bar No. 376493)