# United States Court of Appeals
## For The District of Columbia Circuit

───────────

**No. 14-7147**　　　　　　　　　　　　　　　　**September Term, 2014**

　　　　　　　　　　　　　　　　　　　　　　　　1:13-cv-01544-CRC

　　　　　　　　　　　　　　　　　　**Filed On:** March 9, 2015

In the Matter of: Stephen Thomas Yelverton,

------------------------------

Stephen Thomas Yelverton,

　　　　Appellant

　　v.

Wendell W. Webster, et al.,

　　　　Appellees

　　　　**BEFORE:**　　Henderson, Srinivasan, and Pillard, Circuit Judges

## O R D E R

　　　　Upon consideration of the motion to dismiss, which the court has construed as a motion for summary reversal, the oppositions thereto, and the reply; the motion for reconsideration of the treatment of the motion to dismiss as a motion for summary reversal, the opposition thereto, and the reply; the motion for summary affirmance and the opposition thereto; the motion to remand, the oppositions thereto, and the reply; and the request for judicial notice and the supplement thereto, it is

　　　　**ORDERED** that the motion for reconsideration be denied. It is

　　　　**FURTHER ORDERED** that the requests for judicial notice be denied. No motion is required in order for the court to take judicial notice of official court records, see Veg-Mix, Inc. v. U.S. Dep't of Agric., 832 F.2d 601, 607 (D.C. Cir. 1987), and the documents submitted are not relevant to the disposition of this appeal, see Larson v. Dep't of State, 565 F.3d 857, 870 (D.C. Cir. 2009). It is

　　　　**FURTHER ORDERED** that the motion for summary affirmance be granted and the motions for summary reversal and to remand be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant has not shown any abuse of discretion in the Bankruptcy Court's denial of his motion to vacate the order approving the settlement agreement and subsequent motions for reconsideration. Nor

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 14-7147**                                            **September Term, 2014**

has appellant shown any basis for remanding the proceeding to the Bankruptcy Court. Furthermore, the district court properly entered the pre-filing injunction based on its determination such relief is necessary to ensure "the orderly and expeditious administration of justice." Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985)).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**